(June 1, 1903.)

# STATE EX REL. GRIFFITH v. VINEYARD.
[72 Pac. 824.]

JUSTICE'S PRECINCT—ELECTION PRECINCT—ELECTION OF JUSTICE OF PEACE.

1. Subdivision 2, section 1759, Revised Statutes of 1887, and section 11, page 61, Session Laws of 1891, require the board of county commissioners to divide their county into justice's precincts.

2. Subdivision 3 of said section 1759 requires such board to establish election precincts in their county and while a justice's precinct may include one or more election precincts, an election precinct cannot include more than one justice's precinct.

3. In a county where the board has failed, in terms, to establish justice's precincts, but have designated all precincts established as election precincts, and such precincts are treated as justice's precincts, and two justices of the peace and one constable are elected therein, such precincts will be held to be justice's precincts as well as election precincts.

(Syllabus by the court.)

ACTION to oust respondent from the office of justice of the peace. Judgment for respondent. Affirmed.

Edward M. Griffith, for Appellant, cites no authorities on the point decided by the court not found in the opinion.

L. Vineyard and Fogg & Nugent, for Respondent.

It is a sound legal principle that never has been doubted that a construction of a statute long acted on by the people at large will be adopted by the courts if not in direct contradiction with its terms. (*Maher v. State*, 1 Port. (Ala.) 265, 26 Am. Dec. 379.) Custom is the best interpreter of the law. (*Bank of Utica v. Mersereau*, 3 Barb. Ch. 528, 49 Am. Dec. 232.) Practical construction given to a statute by executive officers, long acquiesced in, should prevail. (*Clark v. Mowyer*, 5 Mich. 468.) We desire to further particularly direct the attention of the court to the fact that, as shown by the record, the election of the defendant was in pursuance to the public proclamation provided for by sections 12, 13, and

June, 1903.] State ex rel. Griffith *v.* Vineyard. 135

Opinion of the Court—Sullivan, C. J.

14, page 35, Laws of 1899, and that it specifically called for the election of two justices of the peace in North Grangeville precinct.

SULLIVAN, C. J.—This is an appeal from a judgment adjudging that the respondent lawfully holds, and is entitled to hold, the office of justice of the peace of North Grangeville precinct, Idaho county.

The pleadings put in issue the right of respondent to hold said office. The case was tried on stipulated facts and judgment entered in favor of the respondent, from which judgment this appeal is taken.

It is contended by counsel for appellant that the board of county commissioners never have created or established a justice's precinct in Idaho county; that the only precincts established by said board in said county have been election precincts, and that an election precinct is not the kind of precinct in which the law provides that there shall be elected two justices and one constable.

The stipulation of facts shows, among other facts, the following: That no precinct designated in terms as a justice or constable precinct, or otherwise than by the general term "election precinct," has ever been established or created in said county of Idaho. That the said county has, by the order of the board of county commissioners thereof prior to every general election that has been holden therein since the adoption of the state constitution, been divided into election precincts, and that the boundaries of said precincts have been duly defined, but that none of said precincts have ever in terms been designated as justice's precincts in said order. That prior to the said several general elections, respectively, proclamations of election were duly made by the clerk of the board of county commissioners of said county, giving notice, among other things, of the election of two justices of the peace, and one constable in each and all of said precincts so created. That the said precincts, so created, have at all times been accepted and created by the county commissioners and by the officers of said county, by the electors and citizens thereof, and by the public generally as justice's and constable's precincts. That all justices and constables that

have held and performed the duties of such offices since the adoption of the state constitution have been elected and have qualified and acted in reference to the precincts so created and not otherwise; and that from time to time during said period vacancies have been filled and appointments have been made to said offices of justice of the peace and constable with like reference to such precincts. That the board of county commissioners at the July term preceding the general election of 1902 duly divided said county into a number of election precincts, accurately defining the boundaries and the extent of each, and that among such precincts is the precinct designated as North Grangeville precinct. That said North Grangeville precinct was in all respects duly and legally established and created by the said board of county commissioners and ever since has existed as such. That said precinct is not within any incorporated city. That a registrar and election judges were duly appointed therefor. That a proclamation of election was thereafter and within the time required by law before said general election of 1902, duly made by the clerk of the said board of county commissioners, giving notice to the electors of said county, among other things, of an election of two justices of the peace and one constable of and for said North Grangeville precinct; that said proclamation was by said clerk duly delivered to said registrar of said North Grangeville precinct, and by her posted in three public places within said precinct. That the said general election within said county was holden and said precinct officers voted upon, respectively, within each of said precincts throughout said county, without any protest or objections as to the manner or the sufficiency of the creation of said precincts, or any of the said precincts, by any elector of the county; and that the electors and citizens of the county, and all its officers, understood said precincts to be and treated the same as though created, among other things, for the purpose of dividing the county into justice and constable precincts, and defining the territory in which said precinct officers should be elected, and that said elections throughout the entire county were so holden while said precincts were so accepted and treated by the said board of county commissioners, the election officers,

the electors, citizens and the public.   That at the said general election so holden on the fourth day of November, 1902, an election for two justices of the peace and a constable was duly holden at and within the said North Grangeville precinct, as created and defined by said board of county commissioners, and in pursuance to said election proclamation, and at said election the defendant was a candidate for said office of justice of the peace of the said North Grangeville precinct, and was duly elected by the electors within said precinct to the said office. That thereafter the judges of said election for said North Grangeville precinct duly certified the returns thereof to the said board of county commissioners acting as a board of canvassers, and that said board of canvassers thereafter canvassed said election returns, and, having found and determined that defendant had the highest number of votes cast at said election for said office, duly made and delivered to the said defendant a certificate of election to the said office of justice of the peace of said North Grangeville precinct.

It is thus shown that said North Grangeville precinct was established by the board and under its supervision justices of the peace were elected, qualified and acted as such, and it appears that no other precincts were created or established by said board in said county than those known and commonly called election precincts.   It also appears that such election precincts were treated and considered as precincts in which justices of the peace should be and were elected.

Applying the law to those facts, was North Grangeville precinct entitled to two justices of the peace, or, in other words, a justice's precinct?   Section 1759, Revised Statutes, specifies the jurisdiction and power of the board of county commissioners, and subdivisions 2 and 3 thereof are as follows: "2. To divide the counties into precincts, school, road and other districts required by law, change the same and create others, as convenience requires; 3. To establish, abolish and change election precincts, and to appoint judges of elections, canvass all election returns, declare the result, and issue certificates thereof."

⸱ Said second subdivision provides that the board shall divide its county into precincts, etc., and may change the same and create others, as convenience requires. And subdivision 3 gives the board authority to establish, abolish and change election precincts, etc.

⸱ Section 1813, Revised Statutes, provides that the officers of precincts are two justices of the peace and one constable, and such other inferior and subordinate officers as are provided by law or by the board of county commissioners.

Section 466, Revised Statutes, *inter alia,* that at each general election there shall be elected "two justices of the peace and one constable for each precinct of each county," which provision was substantially re-enacted by the first state legislature in 1891. (See Sess. Laws 1891, p. 60, sec. 11.) It is there provided that "At the general election, A. D. 1892, and every alternate year thereafter, there shall be elected in each justice's precinct, except wards in incorporated cities, two justices of the peace and one constable, etc." Thus, we have two kinds of precincts named in our statutes, to wit, "justice's precincts" and "election precincts."

⸱ A justice's precinct and an election precinct may have the same boundaries and cover the same territory, but not necessarily so. The former kind of precinct may include one or more election precincts, but an election precinct cannot include more than one justice's precinct.

Said section 1759 was evidently taken from section 4046 of the Political Code of California, but a slight change was made in the second subdivision of said section. That subdivision of section 4046 provides that the boards should have power "To divide the counties into townships, school, road and other districts, etc.," while the second subdivision of section 1759 provides that the boards shall have power "To divide the counties into precincts, school, road and other districts, etc."

The word "townships" in the California statute was changed to the word "precincts" by the legislature of Idaho. In California, township governments are provided for and two justices of the peace are elected, at general elections, in each township, while in Idaho the law provides for precinct government and

the election of two justices of the peace and one constable in each precinct, provided for by said subdivision 2. However, the constitution of the state of Idaho, article 18, section 11, provides "That the legislature may by general law provide for the election of county, township and precinct officers." But our attention has not been called to any section of our laws where the word "township" is used. The third subdivision of said section 4046 of the Political Code of California is the same as the third subdivision of said section 1759, Revised Statutes, and provides that the board has power "To establish, abolish, and change election precincts, etc."

It is clear that the provisions of said section 1759, taken in connection with said section 1813 and section 11, page 60, Session Laws of 1891, contemplates and provides for the creation of two kinds of precincts or districts by boards of county commissioners. Subdivision 2, section 1759, requires the county to be divided into precincts, and the law provides for the election of two justices of the peace in each of such precincts, and said act of 1891 designates such precincts as "justice's precincts," while subdivision 3 of said section provides that election precincts must be established in each county.

In many of the counties of the state the respective boards of county commissioners have neglected and failed to establish, by order of the board, those two classes of precincts. The custom in many of our counties has been to establish "election precincts" and authorize the election of two justices of the peace and one constable in each of such precincts, while to have properly followed the law they should have established justice's precincts as well as election precincts.

The board in Idaho county did not, in terms, establish any justice's precincts, but did establish election precincts therein. It is stipulated that no precinct designated as a justice's precinct was ever established in Idaho county. The custom was to district the county into election precincts and authorize the election of two justices of the peace and one constable in each of such precincts, thus making each election precinct a justice's precinct *de facto,* at least. The board established the North Grangeville election precinct, and gave the required notice to

the electors of that precinct that two justices of the peace and one constable would be elected therein at the November, 1902, general election. At said election the respondent was elected as one of such justices, and has duly qualified and is acting as such.

No doubt that said board intended to fully comply with the requirements of the law and to provide for the election of as many justices of the peace and constables as public convenience require. .

We are informed that there are about forty-four election precincts in Idaho county, and if each of such precincts is established as a justice's precinct, the law would require the election of eighty-eight justices of the peace in that county. The question arises, Does the convenience of the people of Idaho county require so many justices of the peace? Section 6, article 18 of the state constitution provides, among other things, that the legislature shall by general and uniform laws provide for the election of such precinct officers as public convenience may require. And it is the duty of the respective boards of county commissioners to consider that matter and in establishing justice's precincts to establish no greater number than the convenience of the public requires.

This court will not do that, but concludes that the establishment of election precincts and the election of two justices and one constable in each of said precincts is a sufficient compliance with the law to establish such precincts as justice's precincts. We therefore conclude that North Grangeville election precinct was a justice's precinct, and that respondent is a duly elected and qualified justice of the peace in and for that precinct.

Judgment of the court below is affirmed with costs in favor of respondent.

Stockslager and Ailshie, JJ., concur.